O
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0492 DOC
Criminal Case No.  SACR 10-0025 DOC                              Date:  August 3, 2012

Title: GARCIA V. UNITED STATES

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                              None Present

**PROCEEDINGS: (IN CHAMBERS):   ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Before the Court is *pro se* Petitioner Elias Garcia's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Motion") (Dkt. 1). After reviewing the moving and opposing papers, and for the reasons stated below, the Court hereby DENIES Petitioner's Motion.[1]

**I.     Background**

On April 26, 2010, Petitioner pled guilty pursuant to a binding fast track plea agreement to one count of illegal alien found in the United States following deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  Resp't. Motion at 3 (Dkt. 3).  In the plea agreement, the parties stipulated to a total offense level of 17.  *Id.*  The crime warranted a base offense level of 8.  Petitioner, however, received a sixteen-level increase because Petitioner was deported after a felony conviction for drug trafficking.  *Id.* at 4. Nonetheless, Petitioner also received a seven-level subtraction for acceptance of responsibility and early disposition.  *Id.*  Based on a total offense level of 17 in conjunction with a criminal history category of V, Petitioner's sentence resulted in 46

---

[1] The Court finds the matter appropriate for decision without oral argument.  Fed R. Civ. P. 78; Local R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0492 DOC					Date: August 3, 2012
									Page 2

months of imprisonment as stipulated in the plea agreement by both parties. *Id.* Judgment was entered on December 8, 2010. *Id.* Petitioner did not file a notice of appeal. *Id.* Thus, judgment became final 14 days later on December 22, 2010. *Id.*

On August 18, 2011, the Court received Petitioner's first Motion to Modify Sentence pursuant to 18 U.S.C. § 3582(c)(2) ("First Motion"). *Id.* at 4. In the motion, Petitioner argued that his sentence should be reduced because the stricter sentencing guidelines for possession of crack cocaine in relation to powder cocaine reflected unsound judgment by the U.S. Sentencing Commission. Motion at 21. On August 25, 2011, the Court denied Petitioner's motion according to Local Rule 11-4.1 and Federal Rule of Civil Procedure 5(d) for failure to provide a copy to the judge, failure to provide proof of service, and for lacking a signature. Resp't. Motion at 4.

On February 6, 2012, the Court received Petitioner's second Motion to Modify Sentence pursuant to 18 U.S.C. § 3582(c)(2) ("Second Motion") and subsequently forwarded the motion to defense counsel on February 27, 2012. *Id.* at 5. In the Second Motion, Petitioner raised a claim for ineffective assistance of counsel for the first time. Motion at 15. Petitioner alleged that the public defender informed Petitioner that, if he pled guilty, the maximum sentence imposed would be two years. *Id.* Petitioner also argued that his counsel failed to exhaust administrative remedies regarding his prior deportation proceeding. *Id.*

On March 16, 2012, the Court received Petitioner's third Motion to Modify Sentence pursuant to 18 U.S.C. § 3582(c)(2) ("Third Motion") and forwarded the motion to defense counsel on March 23, 2012. The Petitioner brought new claims for ineffective assistance of counsel, alleging that his counsel failed to file an appeal even though Petitioner requested his counsel to do so. Motion at 8. Petitioner also restated his previous claim for ineffective counsel by arguing that the public defender told him a guilty plea would result in a maximum two-year sentence. *Id.*

On March 30, Petitioner filed the present Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

**II.	Legal Standard**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0492 DOC                                    Date: August 3, 2012
                                                              Page 3

A motion to vacate, set aside, or correct sentence of a person in federal custody pursuant to 28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). If the motion combined with the files and records of the case conclusively show that the prisoner is not entitled to relief, no evidentiary hearing on the issues is warranted. *See id.*

The standard of review of § 2255 petitions is "stringent" and the court "presumes earlier proceedings were correct." *United States v. Nelson*, 177 F. Supp.2d 1181, 1187 (D. Kan. 2001) (citation omitted). In a successful § 2255 motion, the "defendant must show a defect in the proceedings which resulted in a 'complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). It is important to note that "relief is not available merely because of error that may have justified reversal on direct appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Addonizio*, 442 U.S. 178, 184 (1979).

### III.   Discussion

Petitioner's Motion is untimely filed and, as such must be DENIED.

The Court will first discuss why Petitioner's Motion is an untimely filed habeas petition under 28 U.S.C. § 2255. In two steps, the Court will then analyze why the present Motion cannot be timely filed through relation back to the First Motion. First, the First Motion is not a habeas petition under 28 U.S.C. § 2255 but rather a motion to reduce sentence under 18 U.S.C. § 3582(c)(2). Second, the Motion's claims differ substantively from those in the First Motion. For these reasons, the Court concludes that the Motion cannot relate back to the First Motion and is, thus, untimely.

#### A.   Petitioner's Motion is Untimely

Petitioner's Motion is untimely because it is time barred by 28 U.S.C. § 2255's one-year limitation period.

##### 1.   28 U.S.C. § 2255 Has a One-Year Limitation Period

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0492 DOC                                         Date: August 3, 2012
                                                                  Page 4

      Pursuant to 28 U.S.C. § 2255, a habeas motion must be made within one year from: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §§ 2255(f)(1)-(4).

      Petitioner does not allege that unconstitutional government action impeded his ability to previously bring a motion, nor does Petitioner assert a newly recognized right or newly discovered set of facts. Furthermore, Petitioner does not aver that the limitations period was tolled. As such, the timeliness of Petitioner's Motion is determined by reference to the date on which the judgment of conviction became final.

### 2. The Motion Was Filed Outside the One-Year Limitation Period

      "[A] criminal defendant must file a notice of appeal with the district court within fourteen days of the entry of judgment." *United States v. Graham*, CR 06-00725 SI, 2010 WL 5056189, at *1 (N.D. Cal. Dec. 6, 2010). *See* Fed.R.Civ. P. 4(b)(1)(a)(1); *United States v. Gonzales-Padilla*, 462 F. App'x 708, 709 (9th Cir. 2011). If a criminal defendant fails to file a notice of appeal within fourteen days and does not establish excusable neglect, the judgment is final. *Cuevas v. United States*, 11-CV-2776 BEN, 2012 WL 2974915, at *1 (S.D. Cal. July 19, 2012); *see Gonzales-Padilla*, 462 F. App'x at 709.

      Because Petitioner failed to file an appeal, the judgment, ordered on December 8, 2010, became final on December 22, 2010. Pursuant to section 2255's one-year limitation period, Petitioner must have filed any habeas petition under section 2255 by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0492 DOC                           Date: August 3, 2012
                                                    Page 5

---

December 22, 2011.  The present Motion was filed on March 31, 2012—over three months beyond the limitation period; thus, the Motion is untimely.[2]

If, as Petitioner requests, the Court characterizes Petitioner's First Motion under section 2255, the First Motion would be timely because it was received on August 18, 2011.

### B.  The Motion Cannot Relate Back to the First Motion

The present Motion is procedurally time-barred unless it can relate back to the allegedly timely filed First Motion.  Because the present Motion is brought under 28 U.S.C. § 2255, the First Motion must be construed as a motion under 28 U.S.C. § 2255 in order for the present Motion to relate back.  The First Motion, however, cannot be construed as a habeas petition under section 2255; therefore, the present Motion cannot relate back.

#### 1.  A Motion Under 18 U.S.C. § 3582 Cannot Be Construed as a Motion Under 28 U.S.C. § 2255

"Although collateral review under section 2255 is thus quite broad, 'it does not encompass all claimed errors in . . . sentencing.'"  *Hamilton v. United States*, 67 F.3d 761, 763 (9th Cir. 1995) (quoting *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979)).  Courts have determined that a motion for a reduction of a sentence, codified in 18 U.S.C. § 3582(c)(2), is "beyond the scope of a habeas petition."  *United States v. Rios-Paz*, 808 F. Supp. 206, 207 (E.D.N.Y. 1992).  *See also United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (holding that a motion under 18 U.S.C. § 3582(c)(2) does not qualify as a motion under 28 U.S.C. § 2255 because it is "simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the Guidelines") (quoting *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995)); *Morales v. United States*, 353 F. Supp. 2d 204, 204-205 (D. Mass. 2005) (holding that the petitioner's motion citing 28 U.S.C. § 2241, "the federal habeas corpus statute," was

---

[2]  Petitioner's Second and Third Motion were filed on February 6, 2012, and March 16, 2012, respectively.  Like the present Motion, the Second and Third Motion are untimely because they were filed beyond the one-year limitation period of section 2255.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0492 DOC                                          Date: August 3, 2012
                                                                   Page 6

---

actually a motion under 18 U.S.C. § 3582(c) because the petitioner desired a modification of his sentence after final judgment); *United States v. Pagan*, 90-00093-12, 1993 WL 147297, at *1-2 (E.D. Pa. May 6, 1993) (holding that the petitioner's motion to reduce his criminal offense level for acceptance of responsibility after final judgment was a motion under 18 U.S.C. § 3582(c)(2) rather than 28 U.S.C. § 2255 because the petitioner had "not claimed that his sentence was unconstitutional or outside the court's jurisdiction").

In *U.S. v. Rios-Paz*, the court held that the habeas petitioner's motion for a one-level decrease in his criminal offense level was brought under 18 U.S.C. § 3582(c)(2) instead of 28 U.S.C. § 2255 because the relief being sought was "beyond the scope of a habeas petition." 808 F. Supp. at 207.  The petitioner argued that, pursuant to a U.S. Sentencing Guidelines amendment, his base offense level should be decreased because of his acceptance of responsibility for the crime committed.  *Id.*  The court ruled that the petitioner's motion was not a habeas petition because the sentence did not show a "violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.* (quoting 28 U.S.C. § 2255).  As such, the court analyzed the petitioner's motion as a motion to reduce sentence rather than a motion to vacate, set aside, or correct sentence.  *Id.* at 210.

Here, like in *Rios-Paz*, the First Motion can only be construed as a motion to reduce sentence under 18 U.S.C. § 3582(c)(2).  The First Motion solely involved a prayer to reduce Petitioner's sentence through the calculation of his criminal offense level and did not seek to vacate, set aside, or correct the sentence due to its unconstitutionality or blatant miscarriage of justice.  *Rios-Paz*, 808 F. Supp. at 207.  Instead, like in *Rios-Paz*, Petitioner requested the Court to adjust the base offense level of his sentence by reexamining the Court's prior calculations.  Because the First Motion did not argue any semblance of ineffective counsel or any other argument establishing unconstitutionality or due to a blatant miscarriage of justice, the First Motion cannot be characterized as a motion under 18 U.S.C § 2255.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0492 DOC                                    Date: August 3, 2012
                                                             Page 7

---

As such, Petitioner has no timely filed habeas motion to which the present Motion can relate back.[3]

The present Motion was filed on March 31, 2012—over one year from the judgment becoming final on December 22, 2010. Because the present Motion was filed after the one-year limitation period and because the Motion cannot relate back to the First Motion, the Motion is untimely. Thus, Petitioner's Motion is DENIED.

### C. Denial of a Certificate of Appealability

---

[3] Even if Petitioner's First Motion could be construed as a habeas petition under section 2255, the Present Motion's s claim cannot relate back to the First motion because the claims arise from different conduct, transactions, and occurrences.

According to Federal Rule of Civil Procedure 15, "an amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed.R.Civ. P. 15(c)(1)(B). *See United States v. Marulanda*, 226 F. App'x 709, 711 (9th Cir. 2007) (holding that ineffective assistance of counsel claims under 28 U.S.C. § 2255 did not relate back to previous 28 U.S.C. § 2255 claims because such claims did not originate from the same set of facts); *Watson v. Cate*, 01CV1780-AJB, 2011 WL 6202788, at *44 (S.D. Cal. Dec. 6, 2011) ("New allegations of ineffective assistance of counsel do not automatically relate back . . . they must depend on the existence of a common core of operative facts").

The Motion cannot relate back to the First Motion because the First Motion contains a completely different set of allegations that result in a claim under 18 U.S.C. § 3582(c)(2), not a claim pursuant to 28 U.S.C. § 2255. The First Motion merely seeks review of the U.S. Sentencing Guidelines for a modification of Petitioner's sentence. The present Motion is completely distinct because it asserts claims that arise from Petitioner's alleged ineffective assistance. Thus, the claims set forth in the present Motion for ineffective counsel do not arise from the same conduct, transactions, or core of operative facts as the First Motion. As such, the claims brought in the present Motion do not relate back to the First Motion.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0492 DOC				Date: August 3, 2012
						Page 8

  Because Petitioner has not "made a substantial showing of the denial of a constitutional right," a Certificate of Appealability is DENIED.  28 U.S.C. §§ 2253(c)(2)-(c)(3).

  **IV.**  **Disposition**

  For the foregoing reasons, the Court DENIES Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  Additionally, the Court DENIES the issuance of a Certificate of Appealability.

MINUTES FORM 11
CIVIL-GEN						Initials of Deputy Clerk: jcb